JUNE 9, 1803.

# Peyton Short *v.* John Jackson *et al.*

*Upon a rehearing of so much of a decree pronounced in the suit at the last October term, as respects the said Short's right of redress over against Trabue.*

The preceding opinion affirmed.

The only point to be reconsidered is, whether, for the parts of the land Trabue sold to Short which, it is alleged, are lost, the general court ought to have decreed him a compensation, he having brought the case before that court by a suit in chancery, or have left him to obtain compensation therefor by a suit or suits at law. The general court decreed a dismissal of the bill, and this court at its last term affirmed the decree. The circumstances of the case, to which it may be necessary now to advert, are these: Trabue sold to Short two tracts or parcels of land; for one he made him a deed with general warranty, and for the other he gave him bond and security to make him a deed with general warranty; and Short charges in his bill that part of each of these parcels of land had, by the district court of Franklin, been decreed to adverse claimants on the decision of two distinct suits, and makes the papers in those suits exhibits in this suit. But, from the transcripts of the papers belonging to those suits, it does not apear how much of each of the parcels were lost, nor from any other papers which were exhibited in this suit. Had the suit been set for hearing in the general court, only as to the defendants Jackson, Young, and Berry, Short afterward might have acquired such exhibits, and then, and not before, the court would have been enabled to have directed the proper issues of facts, on which a jury could have ascertained the damages to be paid by Trabue. But as Short did not except to a general hearing of the cause, it ought to be presumed that he had delayed an unreasonable length of time to procure such exhibits, or that he was then content, if he did not succeed against the other defendants, to have his remedy against Trabue depend on an action or actions at law, because, had the damages been decreed in this suit, the consequence would have

been the deprivation of bond security for the value of one part of the land, from which he had been evicted, and of the bail he had a chance of acquiring for the value of the other part.

Wherefore, it is decreed and ordered, that the said decree of the general court and of this court do stand unaltered.